IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HABEEBA'S DANCE OF            :
THE ARTS, LTD.,               :
                              :
        Plaintiff,            :
                              :
    vs.                       :    Case No. 2:05-cv-926
                              :    JUDGE GRAHAM
SUSAN KNOBLAUCH and           :
YWCA Columbus,                :
                              :
        Defendants.           :

OPINION AND ORDER

Plaintiff Habeeba's Dance of the Arts, Ltd. brings this trademark suit against Defendants Susan Knoblauch and YWCA Columbus. Plaintiff alleges that Defendants infringed its trademark to the name HABEEBA by using the name "Habiba" in connection with a dance symposium Knoblauch conducted in October 2005 at the YWCA in Columbus, Ohio. Plaintiff asserts the following claims: (1) violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125; (2) violation of the Ohio Deceptive Trade Practices Act, Ohio Revised Code §4165.01, *et seq.*; (3) common law unfair competition; (4) common law trademark infringement; and (5) contributory infringement.

This matter is before the Court on Defendant Knoblauch's December 21, 2005 motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Knoblauch argues that the pleadings show that Plaintiff has failed to plead sufficient facts to support its claims. For the reasons stated below, the motion for judgment on the pleadings is denied as

premature.

**I. Factual Allegations**

Plaintiff alleges that it owns the trademark HABEEBA. Plaintiff provides dance performances and instructs others in dancing under the HABEEBA name. Plaintiff has been providing dance performances under the HABEEBA name since at least 1960 and has been providing dance instruction under that name since at least 1972. The complaint alleges that HABEEBA enjoys substantial goodwill and a valuable reputation as a result of the efforts, skill, and experience of those who have worked for Plaintiff over the years.

According to the complaint, Defendant Knoblauch has been aware of Plaintiff since at least 2005, and has been aware of the HABEEBA name since 1990. Knoblauch has conducted symposiums featuring dance instruction and dance performance at the YWCA. In these symposiums, Knoblauch has used the services of individuals under contract with Plaintiff and has identified those individuals as being affiliated with Plaintiff. After being acquainted with Plaintiff, Knoblauch used the name "Habiba" in connection with, and in advertising, a dance symposium she offered in October 2005 at the YWCA Columbus. The complaint alleges that Habiba is phonetically the same as HABEEBA. The use of the name was without permission, authority, or license from Plaintiff.

Plaintiff alleges that the similarity of HABEEBA with Habiba is likely to cause confusion among consumers. Plaintiff alleges that the similarity is likely to deceive the public into believing that Knoblauch's dance symposium at the YWCA either originated

with, was sponsored by, was offered with approval of, or was offered under the supervision and control of Plaintiff. Plaintiff contends that Defendants' use of a substantially similar mark to HABEEBA is a threat to its goodwill and reputation.

Plaintiff alleges that it has notified Knoblauch more than once in writing to request that Knoblauch cease using the name Habiba. Knoblauch has continued to use the name Habiba despite these warnings. Additionally, Plaintiff notified the YWCA in writing of the confusingly similar names. Plaintiff asked the YWCA to cease using the Habiba name in connection with the dance symposium to be held at the YWCA in October 2005. According to the complaint, the YWCA allowed the symposium to go on and did not interfere with the name or advertising of the event. Plaintiff alleges that Knoblauch and the YWCA have caused, and will continue to cause, serious and irreparable injury and damage to Plaintiff unless restrained by the court.

**II. Discussion**

Defendant Knoblauch has moved for judgment on the pleadings. "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In considering such a motion, the court must accept all the factual allegations of the complaint as true." Beal v. Missouri Pac. R.R., 312 U.S. 45, 51 (1941).

Plaintiff alleges that the motion is premature because not every Defendant has filed an answer. Defendant YWCA filed a motion to dismiss, which is currently pending before the Court, but has not filed an answer.

The Court agrees that Defendant Knoblauch's motion for judgment on the pleadings is premature. Under Rule 12(c), a motion for judgment on the pleadings cannot be filed until the pleadings are "closed." Courts having addressed this issue have held that "closed" means every defendant must file an answer before a Rule 12(c) motion can be filed. See <u>Moran v. Peralta Community College Dist</u>., 825 F. Supp. 891, 894 (D. Cal. 1993) ("Ordinarily, this means that a Rule 12(c) motion must await the answers of all defendants."); <u>Stands Over Bull v. Bureau of Indian Affairs</u>, 442 F. Supp. 360, 367 (D. Mont. 1977) ("When a defendant has failed to file an answer, a motion for judgment on the pleadings is not the correct procedural remedy."). Thus, the pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering. See <u>Doe v. U.S.</u>, 419 F. 3d 1058, 1061 (9th Cir. 2005); <u>Grassmueck v. Barnett</u>, No. C03-122P, 2003 WL 22128337, at *2 (W.D. Wash. July 7, 2003).

Courts maintain discretion in certain circumstances to consider a 12(c) motion even when one of the defendants has not filed an answer. See <u>Noel v. Hall</u>, No. CV99-649-AS, 2005 WL 2007876, at *1-2 (D. Or. Aug. 16, 2005). This is most notably true when a plaintiff fails to serve one of the defendants. See <u>Moran</u>, 825 F. Supp. at 894. See <u>also</u> <u>Noel</u>, 2005 WL 2007876, at *2 (considering Rule 12(c) motion where two defendants had not filed an answer 5 years after being served with the complaint).

Here, the Court finds no reason to excuse the requirement that the pleadings be closed before a Rule 12(c) motion can be filed. Both Defendants have been served. Knoblauch must wait until either the YWCA files an answer or the YWCA's motion to dismiss is granted

4

before moving for judgment on the pleadings.

### III. Conclusion

For the reasons stated above, Defendant Knoblauch's December 21, 2005 motion for judgment on the pleadings (doc. 14) is **DENIED** without prejudice to refiling once Defendant YWCA has filed an answer or, alternatively, once Defendant YWCA's motion to dismiss is granted.


                                    s/ James L. Graham
                                    JAMES L. GRAHAM
                                    United States District Judge

DATE: April 10, 2006